16 Civ. 4272 (LTS) (JLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LANE MCDONOUGH,

                                        Plaintiff,

-against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION, PAUL DIDIO

                                        Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*

*Attorneys for Defendants*
*100 Church Street, Rm. 2-173*
*New York, New York  10007*

*Of Counsel:  Evan M. Piercey*
*Tel:  (212) 356-2428*
*Matter No.:  2016-033275*

Donald C. Sullivan,
Evan M. Piercey,
Of Counsel.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT

    POINT I

    THE COMPLAINT FAILS TO STATE A CLAIM....................................7

        A.   Plaintiff Fails to Plausibly Plead a Claim of
            Disparate Treatment .............................................................................8

            i.   Plaintiff's Discrimination on the basis of
                 Sexual Orientation Fails Under Title VII ...................................9

            ii.   Plaintiff Has Not Alleged Facts that
                 Plausibly Give Rise to Even a Minimal
                 Inference of Discrimination.......................................................10

        B.   Title VII Does Not Provide for Individual
            Liability..............................................................................................17

    POINT II

    THE COMPLAINT IS PROCEDURALLY
    DEFICIENT AND SUBJECT TO DISMISSAL
    BECAUSE PLAINTIFF FAILED TO SERVE A
    TIMELY NOTICE OF CLAIM................................................................18

CONCLUSION................................................................................................................ 21

**Cases**                                                                                                          **Pages**

Arrocha v. City of New York,
   878 F. Supp. 2d 364 (E.D.N.Y. 2012) ...................................................................................3

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)..................................................................................................7, 12, 14

Bell Atl. Corp v. Twombly,
   550 U.S. 544 (2007)..................................................................................................7

Biggers v. Brookhaven-Comeswogue Union Free Sch. Dist.,
   127 F. Supp. 2d 452 (E.D.N.Y. 2001) ..............................................................................19, 20

Brown v. Daikin Am., Inc.,
   756 F.3d 219 (2d Cir. 2014)..........................................................................................9

Brtalik v. S. Huntington Union Free Sch. Dist.,
   2010 U.S. Dist. LEXIS 107373, 2010 WL 3958430 (E.D.N.Y. Oct. 6, 2010).................19, 20

Cavanaugh v. Bd. of Educ.,
   296 A.D.2d 369 (2d Dep't 2002) .....................................................................................18

Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.,
   641 Fed. Appx. 60 (2d Cir. 2016)..................................................................................17

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002)..........................................................................................3

Chin v. N.Y.C. Hous. Auth.,
   106 A.D.3d 443 (1st Dep't 2013),
   appeal denied, 22 N.Y.3d 861 (2014) ............................................................................9

Corp. v. Green,
   411 U.S. 792 (1973)..................................................................................................8

Danzer v. Norden Systems,
   151 F.3d 50 (2d Cir. 1998)...........................................................................................15

Dawson v. Bumble & Bumble,
   398 F.3d 211 (2d Cir. 2005)..........................................................................................10

Doherty v. Nederlander Producing Co.,
   No. 04-CV- 3324 (LTS), 2006 WL 2239421 (S.D.N.Y. Aug. 4, 2006) ...................................12

Donlon v. Board of Educ. of the Greece Cent. Sch. District,
   2007 U.S. Dist. LEXIS 2724, 2007 WL 108470 (W.D.N.Y. 2007) ........................................19

**Cases**          **Pages**

Dooley v. Jetblue Airways Corp.,
No. 15-1356-cv, 2015 U.S. App. LEXIS 22046 (2d Cir. Dec. 18, 2015)................................14

Drummond v. IPC Int'l, Inc.,
400 F. Supp. 2d 521 (E.D.N.Y. 2005) ....................................................................................14

Early v.Wyeth Pharm., Inc.,
F. Supp. 2d 556, 07 Civ. 0947(WCC), 2009 WL 497362 (S.D.N.Y. Feb. 25,
2009) ........................................................................................................................................15

Felder v. Casey,
487 U.S. 131 (1988).................................................................................................................18

Fosen v. New York Times,
No. 03-cv-3785, 2006 U.S. Dist. LEXIS 75662 (S.D.N.Y. Oct. 11, 2006)............................14

Giudice v. Red Robin Int'l, Inc.,
555 Fed Appx. 67 (2d Cir. 2014)............................................................................................10

Grady v. Affiliated Cent.,
130 F.3d 553 (2d Cir., 1997)
cert. denied 525 U.S. 936 (1998) ............................................................................................17

Guerra v. Jones,
421 F. App'x 15 (2d Cir. 2011) ..............................................................................................17

Hardy v. New York City Health & Hosps. Corp.,
164 F.3d 789 (2d Cir. 1999)....................................................................................................18

Kushner v. Valenti,
285 F. Supp.2d 314 (E.D.N.Y 2003) ......................................................................................19

Lakonia Management Ltd. v. Meriwether,
106 F. Supp. 2d 540 (S.D.N.Y. 2000).......................................................................................3

Lewinter v. New York City Dep't of Educ.,
2010 U.S. Dist. LEXIS 68493, 2010 WL 2746334 (S.D.N.Y. 2010).....................................19

Littlejohn v. City of New York,
795 F.3d 297 (2d Cir. 2015)...................................................................................8, 12, 13, 14

Mandell v. Cnty. of Suffolk,
316 F.3d 368 (2d Cir. 2003)....................................................................................................14

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
715 F.3d 102 (2d Cir. 2013)......................................................................................................9

**Cases**                                                                                                         **Pages**

Munro v. Ossining Union Free Sch. Dist.,
    55 A.D.3d 697 (2d Dep't 2008) ............................................................18

Novak v. Waterfront Comm'n of N.Y. Harbor,
    928 F. Supp. 2d 723 (S.D.N.Y. 2013).....................................................12

Nugent v. St. Lukes/Roosevelt Hosp. Ctr.,
    2007 U.S. Dist LEXIS 28274 2007 WL 1149979 (S.D.N.Y. 2007).........................16

Ortiz v. Standard & Poor's,
    No. 10 Civ. 8490 (NRB), 2011 U.S. Dist. LEXIS 99122
    (S.D.N.Y. Aug. 29, 2011) ............................................................10

Patterson v. County of Oneida,
    375 F.3d 206 (2d Cir. 2004).........................................................17

Pearson-Fraser v. Bell Atl.,
    No. 01 Civ. 2343 (WK), 2002 U.S. Dist. LEXIS 25216
    (S.D.N.Y. Oct. 15, 2002) ...........................................................10

Renz v. Grey Advertising Co.,
    135 F.3d 217 (2d Cir. 1997).........................................................16

Ruiz v. County of Rockland,
    609 F.3d 486 (2d Cir. 2010)........................................................8, 9

Sangermano v. Bd. of Coop. Educ. Servs.,
    290 A.D.2d 498 (2d Dep't 2002) ....................................................18

Simonton v. Runyon,
    232 F.3d 33 (2d Cir. 2000).........................................................10

Tomassi v. Insignia Financial Group,
    478 F.3d 111 (2d Cir. 2007).....................................................15, 16

Tomka v. Seiler Com.,
    66 F.3d 1295 (2d Cir. 1995).......................................................17

Viruet v. Citizen Advice Bureau,
    2002 U.S. Dist. LEXIS 15045, 2002 WL 1880731 (S.D.N.Y. Aug. 15, 2002).......................10

White v. Pacifica Found.,
    973 F. Supp. 2d 363 (S.D.N.Y. 2013)................................................14

Whitting v. Locust Valley Central School District,
    2012 U.S. Dist. LEXIS 152233 (E.D.N.Y. Oct. 22, 2012)................................17

| **Statutes** | **Pages** |
|---|---|

FRCP 12(b)(6) ...................................................................................................7

NY Education Law § 3813 ....................................................................18, 19, 20

NY State Education Law §3813(1)..............................................................18, 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LANE MCDONOUGH,

                                  Plaintiff,

                -against-                   16 Civ. 4272 (LTS) (JLC)

THE DEPARTMENT OF THE CITY SCHOOL
DISTRICT OF NEW YORK, PAUL DIDIO

                                 Defendants.
------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff, <u>pro se</u>, a former probationary teacher with the New York City Department of Education ("DOE"), commenced this action alleging claims under Title VII of the Civil Rights Act of 1964, ("Title VII"), the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law, ("CHRL"). Plaintiff alleges that Defendants DOE and Principal Paul Didio (collectively "Defendants") discriminated against him on the basis of his sexual orientation (heterosexual) and gender (male), resulting in Plaintiff's discontinuance as a probationary teacher with the DOE in July, 2015. As demonstrated more fully below, Plaintiff's Complaint should be dismissed.

As a threshold matter, sexual orientation is not a protected class under Title VII. Consequently, Plaintiff's Title VII claims of discrimination on the basis of his sexual orientation fail as a matter of law and must be dismissed. Furthermore, Plaintiff's claims of discrimination on the basis of gender under Title VII, the SHRL and CHRL, as well as his claims of sexual orientation discrimination under the SHRL and CHRL similarly are subject to dismissal, because Plaintiff fails to set forth facts sufficient to meet the plausibility requirements under <u>Twombly</u>

and Iqbal. Plaintiff alleges no more than conclusory allegations and unfounded assumptions, which necessitate dismissal.

Plaintiff's allegations are supported only by Plaintiff's own professed belief that Principal DiDio assumed or thought that Plaintiff was gay and that, upon discovering Plaintiff was heterosexual, began a discriminatory so-called "campaign of harassment." However, it is settled that Plaintiff's assumption is not entitled to the presumption of truth, as it is not a factual allegation.

Furthermore, the timeline that Plaintiff offers in the Complaint eviscerates his claims of discrimination, because that timeline demonstrates that Plaintiff was actually hired *after* the point at which he claims Principal DiDio "stopped assuming he was gay." It need only be added that the "same actor" defense undercuts any of plaintiff's claims of discrimination. The Complaint acknowledges that Principal DiDio recommended plaintiff for a teaching position, both at another school and his own school, less than a year before recommending plaintiff's discontinuance from the probationary post. This timeline eliminates any plausible claim of either gender discrimination or sexual orientation discrimination. Moreover, Plaintiff's Title VII claims cannot be maintained against putative Defendant Principal DiDio because Title VII does not provide for individual liability.

Furthermore, Plaintiff's claims under the SHRL and CHRL are subject to dismissal because Plaintiff failed to file and serve a timely notice of claim, a condition precedent to bringing suit on State and City law claims against the DOE.

Because the Complaint remains deficient after Plaintiff had the benefit of Defendant's pre-motion letter and after Plaintiff was afforded the opportunity to amend, the Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS[1]

Plaintiff is a former probationary teacher with the DOE, assigned to teach at P.S. 159 in Queens, New York.  <u>See</u> Complaint, ECF No. 1, ("Compl.") ¶¶ 7-13.  Prior to being appointed as a probationary teacher for the 2014-15 school year, Plaintiff served as a substitute teacher. <u>See</u> <u>id.</u> at ¶¶ 3-6.  In November 2013, Plaintiff served as a substitute teacher at P.S. 159, where Paul DiDio ("Principal DiDio") was serving as the Principal.  <u>See</u> ¶ 3.

In or around November, 2013, during Plaintiff's time as a substitute at P.S. 159, Principal DiDio observed Plaintiff teaching on what the plaintiff described as "several occasions" and Plaintiff indicates that Principal DiDio provided him with "positive feedback." <u>See</u> <u>id.</u>  In January 2014, Plaintiff contends that Principal DiDio "wanted to hire [him]," but did not have any positions available at P.S. 159.  <u>Id.</u> at ¶ 4.  Instead, according to Plaintiff's own Complaint, in March 2014, Principal DiDio "wrote [him] a…recommendation letter" for a different position, resulting in Plaintiff obtaining a position at another school.  <u>Id.</u> at ¶¶ 4-5.  Plaintiff contends that he "<u>believe[d]</u>" that Principal DiDio provided him with positive feedback and wrote a recommendation letter because Principal DiDio "believed [Plaintiff] was gay." <u>Id.</u> at ¶ 6 (emphasis added).

On June 2, 2014, Plaintiff interviewed with Principal DiDio for a probationary teaching position at P.S. 159.  <u>Id.</u> at ¶ 7.  During this interview, Plaintiff alleges that Principal

---

[1] This statement of facts is derived from the allegations in, and exhibits to, the Complaint, and the exhibits annexed to the Declaration of Assistant Corporation Counsel Evan M. Piercey, dated October 14, 2016 ("Piercey Decl."). Any references to lettered exhibits herein are to the exhibits annexed to the Piercey Decl.  Those exhibits are: Plaintiff's job nomination notification email from the DOE, Plaintiff's administrative charge of discrimination, the DOE's response to Plaintiff's administrative charge, and Plaintiff's right to sue letter.  This Court may consider these exhibits in reviewing this motion, because the Court may consider, inter alia, documents that are referenced in the Complaint, documents that Plaintiff relied on in bringing suit and matters of which judicial notice may  be taken. <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002); <u>see also</u>  <u>Arrocha v. City of New York</u>, 878 F. Supp. 2d 364, 368 (E.D.N.Y. 2012) (citing <u>Chambers</u>); <u>Lakonia Management Ltd. v. Meriwether</u>, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000).

DiDio told him that "he was 'hesitant to hire men'" because the Principal allegedly "thought that it was 'weird' for men to teach children below second grade," and that he had a "negative experience with a male teacher at the previous school where he served as principal." See id. Thereafter, Plaintiff claims that he was "offered" and "accepted" a full-time probationary teaching position during the June 2, 2014 interview with Principal DiDio, which he *"believe[s]"* he was offered because Principal DiDio "believed [Plaintiff] was gay." Id. at ¶¶ 8-9 (emphasis added).

On June 6, 2014, Plaintiff received an email notification from DOE Human Resources which informed him that "a hiring manager [Principal DiDio] would *like* to select you as a [teacher]," but that the "nomination for employment [with the DOE] *is contingent* upon a satisfactory outcome of pre-employment screening activities including fingerprinting and a background investigation." See Lane McDonough Nomination Notification Email, annexed to the Declaration of Evan M. Piercey ("Piercey Decl.") as Exhibit "A," (emphasis added). The Nomination email also indicated that "if the DOE determines through this screening that satisfactory results have not been obtained, this nomination *is rescinded effective immediately*." See id., (emphasis added). After this point, Plaintiff acknowledges that there were complications with his prospective employment at P.S. 159, which required further "approval" by Principal DiDio and DOE Human Resources. Id. at ¶¶ 10-12.

On August 1, 2014, Principal DiDio met with Plaintiff to discuss this complication and the principal's related concerns. Id. at ¶ 10. During this meeting, Principal DiDio asked Plaintiff about an "Unsatisfactory rating [Plaintiff] had received at another school as a substitute" along with an "email sent by [Plaintiff] to a female staff member [at Plaintiff's] former school." Id. Plaintiff further alleges that he "believe[s] that after…Principal [Didio] read

the email…[Principal DiDio] stopped assuming that [Plaintiff] was gay." Id. at ¶ 13. Although Plaintiff states that Principal DiDio "seemed satisfied with [his] explanation [of the email]," Principal DiDio requested to meet with Plaintiff a second time on August 11, 2014 to discuss the email further. Id. at ¶ 11. During the second meeting on August 11, 2014, Principal DiDio indicated that he had spoken with Plaintiff's former principal and had additional questions for Plaintiff about the email Plaintiff had sent to the female staff member. See id. Following the August 11, 2014 meeting, Plaintiff writes that Principal DiDio "cleared" Plaintiff for approval to be hired as a probationary teacher. Id. at ¶ 12.

Thus, Plaintiff's own timeline, set forth in the Complaint, shows that Principal DiDio "cleared" Plaintiff for hiring after the August 11, 2014 meeting, which was at least ten days after Plaintiff contends the Principal "stopped assuming" Plaintiff was gay. See id., at ¶¶ 10, 12, 13.

Beginning in September 2014, Plaintiff served as a probationary teacher at P.S. 159. Id. at ¶¶ 14-15. In October, 2014, Plaintiff was assigned to a second grade class. Id. at ¶ 16. On October 28, 2014, Principal DiDio conducted his first classroom observation of Plaintiff teaching. Id. at ¶ 17. During this observation, according to Plaintiff, Principal DiDio "reprimanded him for boxes that were in his classroom." On November 24, 2014, Principal DiDio conducted a second observation of Plaintiff teaching and Plaintiff writes Principal DiDio told him that "[he] was getting better." Id. at ¶ 18.

In January 2015, Plaintiff claims that Principal DiDio began "sending a person" to his class on a regular basis whose role was to "offer [Plaintiff] support with classroom management." Id. at ¶ 21. On April 24, 2015, Principal DiDio called Plaintiff into his office to inform Plaintiff that he would have a Principal Practice Observation ("PPO") on April 27, 2015.

Id. at ¶ 27. On April 27, 2015, Plaintiff had his PPO meeting, which he alleges "went very well." Id. at ¶ 28. On May 20, 2015, Plaintiff alleges that Principal DiDio notified him that he would be discontinued. Id. at ¶ 32. On June 1, 2015, Plaintiff alleges that he "received his notice of [] discontinuance."[2] Id. at ¶ 34.

Thereafter, on September 24, 2015, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), claiming violations of Title VII. See Charge of Discrimination in U.S. EEOC Case No. 520-2015-03738, dated September 24, 2015, annexed to the Piercey Decl. as Exhibit "B." On November 24, 2015, the DOE was served with Plaintiff's detailed Charge of Discrimination. See New York City Department of Education Dismissal Letter in Response to EEOC Case No. 520-2015-03738, annexed to the Piercey Decl. as Exhibit "C." On January 11, 2016, the DOE sent a response to Plaintiff's EEOC Charge, requesting that the charge be "dismiss[ed]…in its entirety" because the "charging party has filed a petition in New York Supreme Court…which contains the same allegations of the above-referenced EEOC complaint." See id.[3]

Thereafter, on March 8, 2016, the EEOC closed its file on Plaintiff's charge because Plaintiff was "in State Court," and issued Plaintiff a right to sue letter. See EEOC Dismissal and Notice of Rights in Case No. 520-2015-03738, dated March 8, 2016, annexed to the Piercey Decl. as Exhibit "D."

On June 8, 2016, Plaintiff commenced this action in the United States District Court for the Southern District of New York. See Compl., ECF No. 1. On September 7, 2016,

---

[2] Plaintiff corrects this in his response to Defendant's Pre Motion letter, which is ECF No. 13, asserting that he received the letter affirming his discontinuance on July 1, 2015. See Plaintiff's Response to Defendant's Pre Motion to Dismiss Letter, ECF Document No. 13.
[3] Plaintiff filed a Verified Petition in New York State Supreme Court pursuant to Article 78 of the New York State Civil Practice Law and Rules, which is annexed to the DOE Dismissal Letter as Exhibit "A," on November 2, 2015. Thereafter, Plaintiff filed an amended Article 78 Verified Petition in New York State Supreme Court on April 7, 2016 and Defendants [Respondents] filed a Verified Answer in response to the Verified Petition on June 10, 2016. The matter is still pending in New York State Supreme Court.

Defendants wrote to the Court, indicating that they intended to move to dismiss Plaintiff's Complaint on both procedural and substantive grounds.  See Letter Motion for Pre-Motion Conference, ECF. No. 7.  On September 21, 2016, in response to Defendants' pre-motion letter, Plaintiff wrote the Court, claiming that he did file a "notice of claim on September 24, 2015" and that he filed suit within a year of his discontinuance, which he states became final and binding on July 1, 2015, not June 1, 2015 as he claimed in the Complaint.  See Plaintiff's Opposition to Defendants' Pre-Motion Conference Letter, dated September 21, 2016, ECF No. 13.

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO STATE A CLAIM.

To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678 (citation omitted).  Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citation omitted).  Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must, therefore, be dismissed.  Id.; Twombly, 550 U.S. at 557, 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

In the context of an employment discrimination complaint, this "requirement to plead facts is assessed in light of the presumption that arises in the plaintiff's favor under McDonnell Douglas [Corp. v. Green, 411 U.S. 792 (1973),] in the first stage of the litigation." Littlejohn v. City of New York, 795 F.3d 297, 310 (2d Cir. 2015). As such, absent direct evidence of discrimination, to survive a motion to dismiss a complaint of discrimination "must be plausibly supported by facts alleged . . . that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Id. at 311 (emphasis added).

As set forth in greater detail below, here Plaintiff has failed to allege that he is a member of a protected class under Title VII with respect to his sexual orientation claims. Moreover, he has failed to establish the requisite discriminatory animus under Title VII, the SHRL, or CHRL, necessary to set forth a prima facie case of discrimination. Finally, the "same actor" defense eliminates any otherwise-plausible basis for plaintiff's claims, because even plaintiff concedes that Principal DiDio hired him after learning of his sexual orientation.

As such, the Complaint fails to plausibly plead a claim of discrimination, and should be dismissed.

## A.     Plaintiff Fails to Plausibly Plead a Claim of Disparate Treatment

Claims of disparate treatment in employment under Title VII are analyzed using the burden shifting analysis of McDonnell Douglas. See Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010). To establish a prima facie case of discrimination under this framework, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took

place under circumstances giving rise to the inference of discrimination." <u>Ruiz</u>, 609 F.3d at 491-92 (brackets and bracketed language eliminated). The same standard is applied to discrimination claims under the New York State Human Rights Law ("SHRL"). <u>See</u> <u>Brown v. Daikin Am., Inc.</u>, 756 F.3d 219, 226 n.7 (2d Cir. 2014).

While courts must analyze claims of discrimination brought under the New York City Human Rights Law ("CHRL") independently, "[t]he plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive." <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 109-110 (2d Cir. 2013). Therefore, where a plaintiff fails to plead facts creating an inference that "[]he has been treated less well than other employees because of [his] protected status[,] or that discrimination was one of the motivating factors for the defendant's conduct," he fails to plead a cause of action for discrimination under the CHRL. <u>Chin v. N.Y.C. Hous. Auth.</u>, 106 A.D.3d 443, 445 (1st Dep't 2013), <u>appeal denied</u>, 22 N.Y.3d 861 (2014).

### i. Plaintiff's Discrimination on the basis of Sexual Orientation Fails Under Title VII

Here, the primary thrust of Plaintiff's claims is that he was discriminated against by Principal DiDio on the basis of Plaintiff's reported sexual orientation (heterosexual). Plaintiff devotes the entire second and third sections of his Complaint to outlining his own admitted "*belie[f]*" regarding Principal DiDio's alleged original incorrect assumption and subsequent discovery of Plaintiff's sexual orientation. <u>See</u> Compl. ECF No. 1, ¶¶ 6, 9, 13 (emphasis added). Indeed, Plaintiff goes so far as to entitle two sections of the Complaint respectively as: "Principal's Assumption of my Sexual Orientation" followed by "Principal Discovers my Sexual Orientation." <u>See</u> Compl. ECF No. 1, pages 2-3. Plaintiff then continues setting forth his own belief that Principal DiDio discriminated against him on the basis of sexual orientation, titling

the fourth section as a "Campaign of Harassment as a Result of Discovery of Sexual Orientation."  See id. at 3-9.

However, sexual orientation is not a protected class under Title VII.  See Giudice v. Red Robin Int'l, Inc., 555 Fed Appx. 67, 68 (2d Cir. 2014); Dawson v. Bumble & Bumble, 398 F.3d 211, 217 (2d Cir. 2005); Simonton v. Runyon, 232 F.3d 33, 35-36 (2d Cir. 2000); Viruet v. Citizen Advice Bureau, 2002 U.S. Dist. LEXIS 15045, *47, 2002 WL 1880731 (S.D.N.Y. Aug. 15, 2002).  Thus, Plaintiff is unable to establish a prima facie case for discrimination on the basis of sexual orientation under Title VII and, as such, those claims must be dismissed.

### ii. Plaintiff Has Not Alleged Facts that Plausibly Give Rise to Even a Minimal Inference of Discrimination

As discussed above, to set forth a claim of disparate treatment, Plaintiff must allege facts giving rise to an inference that the actions alleged were taken because of his protected class.  See Ortiz v. Standard & Poor's, No. 10 Civ. 8490 (NRB), 2011 U.S. Dist. LEXIS 99122, at *14 (S.D.N.Y. Aug. 29, 2011) ("The fact that plaintiff was (a) fifty-nine years old and (b) terminated, cannot, without more, constitute a plausible age discrimination claim"); Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK) (JCF), 2002 U.S. Dist. LEXIS 25216, at *9 (S.D.N.Y. Oct. 15, 2002) (plaintiff "alleges no facts that indicate she was denied a job under circumstances giving rise to an inference of discrimination. Thus, she cannot establish a prima facie case").

Here, Plaintiff has failed to demonstrate *any* causal connection between his gender (male) or sexual orientation (heterosexual) and any of the alleged actions taken by either the DOE or Principal DiDio.  Plaintiff fails to provide facts sufficient to connect the any of the alleged acts constituting  what Plaintiff described as the "campaign of harassment as a result of

discovery of sexual orientation" and any discriminatory animus, whether such be based on his gender or sexual orientation.  See generally Compl. ECF No. 1.

Moreover, and fatal to his Complaint, Plaintiff's claim of discrimination flows from his conclusory allegation that Principal DiDio entered into such a "campaign of harassment" upon discovering that Plaintiff was heterosexual.  See id. at pages 1-3.  However, Plaintiff's own timeline eviscerates any such claim.  Even the Complaint clarifies that Plaintiff was not actually hired by the DOE as a full-time probationary teacher until after the point at which he declares, that Principal DiDio "stopped assuming that [Plaintiff] was gay."  See id. ¶ 13.

This clarification regarding the actual date of hiring is further verified by the Nomination email Plaintiff received from DO Human Resources on June 6, 2014, which stated that Principal DiDio would "*like*" to hire Plaintiff, but that his employment was contingent upon a "background investigation."  See McDonough Nomination Email, annexed to the Piercey Decl. as Exhibit "A" (emphasis added).  Plaintiff also asserts that Principal DiDio subsequently received an email which caused the Principal to "stop[] assuming that [Plaintiff] was gay" and led the Principal to call Plaintiff in, on August 1 and August 11, 2014 to discuss both the email and an unsatisfactory rating Plaintiff received at a former school.  See Compl. ECF No. 1, ¶¶ 10-11.  Nonetheless, the Complaint itself goes on to admit that despite this alleged "discovery" by Principal DiDio, the Principal "cleared [Plaintiff] for approval" on August 12, 2014.  Id., ¶ 12.  In sum, the Complaint itself undermines Plaintiff's allegation of discriminatory animus on the basis of Principal DiDio's alleged discovery of Plaintiff's sexual orientation.  Id. ¶ 12.

Furthermore, Plaintiff's primary argument, that Principal DiDio's "discovery" of Plaintiff's sexual orientation resulted in a "campaign of harassment" on account of sexual

orientation, is predicated only on Plaintiff's own acknowledged belief and assumptions. See Compl. ECF No. 1, ¶¶ 6, 9, 13. However, Plaintiff's own beliefs represent conclusory allegations and are not entitled to the presumption of truth. See Iqbal, 556 U.S. at 681 ("the allegations are conclusory and not entitled to be assumed true"); Littlejohn, 2015 U.S. App. Lexis 13475 at *23-26 (finding that Iqbal's requirements apply to complaints of discriminations and that a Complaint of discrimination must contain facts that "give plausible support to a minimal inference of discriminatory motivation").

Other than Plaintiff's own belief and assumptions, Plaintiff has failed to establish the existence of such discriminatory animus, either based on his gender or sexual orientation, rendering his claims of discrimination conclusory and not entitled to be treated as true. See Iqbal, 556 U.S. at 681 ("the allegations are conclusory and not entitled to be assumed true"); Littlejohn, 2015 U.S. App. Lexis 13475 at *23-26 (finding that Iqbal's requirements apply to complaints of discriminations and that a Complaint of discrimination must contain facts that "give plausible support to a minimal inference of discriminatory motivation"). Furthermore, absent any causal connection or evidence to infer discriminatory animus, such acts alone are insufficient to constitute discrimination. See Novak v. Waterfront Comm'n of N.Y. Harbor, 928

F. Supp. 2d 723, 732 (S.D.N.Y. 2013) ("'Title VII prohibits discrimination; it is not a shield against harsh treatment at the work place. Personal animosity is not the equivalent of [] discrimination and the plaintiff cannot turn a personal feud into a [] discrimination case.'") (quoting Doherty v. Nederlander Producing Co., No. 04-CV- 3324 (LTS), 2006 WL 2239421, at *5 (S.D.N.Y. Aug. 4, 2006) (alterations omitted)).

While a Plaintiff may raise an inference of discrimination by alleging that he was treated less favorably than similarly situated employees not in the Plaintiff's protected group,

such allegations must demonstrate that the other employees are "sufficiently similar 'to support at least a minimal inference that the difference of treatment may be attributable to discrimination.'"  Hernandez v. City of New York, No. 11-CV-3521 (SJ) (RER), 2013 U.S. Dist. LEXIS 31793, at *12 (E.D.N.Y. Feb. 13, 2013) (citing McGuinness v. Lincoln Hall, 263 F.3d 49, 54 (2d Cir. 2001)).  Thus, to reach a plausible level, a plaintiff must allege more than conclusory statements about purportedly "similar" comparators.  See Littlejohn, 795 F.3d at 312; Roman-Malone v. City of New York, 11 Civ. 8560 (PAC), 2013 U.S. Dist. LEXIS 104368, at *17-18 (S.D.N.Y. July 25, 2013) (granting motion to dismiss and noting that "[t]he Amended Complaint fails to identify the other Caucasian employees or explain how they were similarly situated"); Hernandez, 2013 U.S. Dist. LEXIS 31793, at *13 (granting motion to dismiss where Plaintiff's provided "little detail[ ]" regarding alleged comparators); Deras v. Metro. Transp. Auth., 11-CV-5912 (RRM) (CLP), 2013 U.S. Dist. LEXIS 40456, at *32 (E.D.N.Y. Mar. 22, 2013) (plaintiff "ha[d] failed to describe the context of [the comparator] incidents or the discipline that was involved, and thus has failed to allege facts to support a plausible inference of discrimination").

Here, Plaintiff makes a single allegation concerning the treatment of another probationary teacher, Ms. Erin Gallagher, but fails to sufficiently allege that he was similarly situated to Ms. Gallagher to support any inference of discrimination.  See Compl. ECF No. 1, ¶ 24.  While Plaintiff does allege that Ms. Gallagher received a "disciplinary letter in her personnel file" and Plaintiff did not, such an allegation fails to demonstrate that Plaintiff and Ms. Gallagher were "similarly situated in *all* respects," and thus she cannot serve as a sufficient comparison to support an inference of discrimination based on Plaintiff's gender or sexual orientation.  See Littlejohn, 795 F.3d at 312 ("adverse actions taken against employees who are not similarly

situated cannot establish an inference of discrimination") (citing <u>Mandell v. Cnty. of Suffolk</u>, 316 F.3d 368, 379 (2d Cir. 2003) (explaining that a plaintiff attempting to "show[] that the employer treated [her] less favorably than a similarly situated employee outside [her] protected group . . . must show she was similarly situated *in all material respects* to the individuals with whom she seeks to compare herself")) (emphasis added); <u>see also</u> <u>Dooley v. JetBlue Airways Corp.</u>, No. 15-1356-cv, 2015 U.S. App. LEXIS 22046, at *9 (2d Cir. Dec. 18, 2015) (affirming dismissal of plaintiff's Title VII discrimination claim because the facts alleged did not allow the court to conclude that the purported comparators were in fact similarly situated).  Here, Plaintiff offers <u>no</u> information about the facts and circumstances that supported issuing the alleged comparator a disciplinary letter while discontinuing Plaintiff's probationary status.  As such, Plaintiff's claims of gender discrimination fail to meet the <u>Iqbal</u> pleading standards, and should be dismissed.

Not only does the Complaint lack facts to support even a minimal inference of discriminatory animus on the basis of Plaintiff's gender, but the facts alleged actually undercut Plaintiff's claim because both he and Principal DiDio are male.  <u>See</u> <u>White v. Pacifica Found.</u>, 973 F. Supp. 2d 363, 380 (S.D.N.Y. 2013) (holding that, although not dispositive, the fact two of the three decision makes were members of plaintiff's protected class "undermines any possible inference of discriminatory animus") (collecting cases); <u>Fosen v. New York Times</u>, No. 03-cv-3785, 2006 U.S. Dist. LEXIS 75662, at *14-*15 (S.D.N.Y. Oct. 11, 2006); <u>Drummond v. IPC Int'l, Inc.</u>, 400 F. Supp. 2d 521, 532 (E.D.N.Y. 2005) ("a well-recognized inference against discrimination exists where the person who participated in the allegedly adverse decision is also a member of the same protected class").

Furthermore, Plaintiff has failed to adequately allege that any such acts were motivated by Plaintiff's sexual orientation or gender. <u>See</u> Compl. ECF No. 1, ¶¶ 14-40. First, as discussed <u>supra</u> pages 10-11, Plaintiff's timeline eliminates any claim of discriminatory animus on the basis of sexual orientation.

To the extent that any of the alleged remarks or comments made by Principal DiDio are considered as a basis for establishing discriminatory animus, Plaintiff has failed to demonstrate any causal connection between the alleged comments and his termination. It is well established that stray remarks and comments, without a demonstrated connection to the complained of employment action, cannot serve as a basis for discrimination. <u>See e.g.</u> <u>Tomassi v. Insignia Financial Group</u>, 478 F.3d 111, 115-16 (2d Cir. 2007) (To be direct evidence of discrimination must link comment to the employment action at issue); <u>Danzer v. Norden Systems</u>, 151 F.3d 50, 56 (2d Cir. 1998) ("[s]tray remarks, even if made by a decision maker, do not constitute sufficient evidence to make out a case of employment discrimination . . . such comments, without more, cannot get a discrimination suit to a jury"); <u>Early v. Wyeth Pharm., Inc.</u>, F. Supp. 2d 556, 584, 07 Civ. 0947(WCC), 2009 WL 497362, at *22 (S.D.N.Y. Feb. 25, 2009) ("Courts in this circuit have held that stray remarks 'without more,' even when made by a decision maker, 'do not constitute sufficient evidence to make out a case of employment discrimination.'") (<u>quoting</u> <u>Danzer</u>, 151 F.3d at 56.)

Here, Plaintiff sets forth a number of alleged comments made by Principal DiDio. <u>See</u> Compl. ECF No. 1, ¶¶ 7, 20, 22, 23, 25, 27, 29, and 31.[4] Since Plaintiff fails to provide any nexus between these alleged comments and his eventual termination, such remarks are

---

[4] Notably, even the Complaint acknowledges that Principal DiDio offered positive comments to plaintiff, both before and after the Principal ostensibly learned of Plaintiff's true sexual orientation. <u>See</u> Compl. ECF No. 1, ¶¶ 4-6, 18.

insufficient to establish any inference of discrimination. See Tomassi, 478 F.3d at 115-16. Moreover, four of the comments Plaintiff alleges Principal DiDio made were not even directed at Plaintiff or pertaining to Plaintiff, but were rather general statements, rendering them insufficient to infer discrimination. See Compl. ECF No. 1, ¶¶ 7, 20, 22, and 23; see also Renz v. Grey Advertising Co., 135 F.3d 217 (2d Cir. 1997) (isolated remarks by a decision-maker that, although inappropriate, were not directed at plaintiff and, as such, were insufficient to demonstrate discrimination); Nugent v. St. Lukes/Roosevelt Hosp. Ctr., 2007 U.S. Dist. LEXIS 28274 2007 WL 1149979 at *52-53 (S.D.N.Y. 2007) (stray remarks made by a decision-maker not directed at or about Plaintiff, although inappropriate, are "insufficient to demonstrate…gender bias"). Consequently, because Plaintiff fails to adequately allege that any stray remarks or comments were actually connected to his discontinuance, no inference of discrimination can be established.

Finally, the "same actor" defense eliminates any remaining plausibility to plaintiff's claims. As noted, the timeline in the Complaint shows that Principal DiDio made the final recommendation to hire plaintiff after learning of his sexual orientation. See Compl. ECF No. 1, ¶¶ 9-13. Further, Principal DiDio offered positive feedback on plaintiff's job performance after that date. See id. at ¶ 18. Plaintiff's job performance, unfortunately, generally remained lacking and Principal DiDio was compelled to recommend his discontinuance. Id. at ¶¶ 33-34. As the Second Circuit holds,

> when the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to [that person] an invidious motivation that would be inconsistent with the decision to hire. This is especially so when the firing has occurred only a short time after the hiring.

Grady v. Affiliated Cent., 130 F.3d 553, 560 (2d Cir., 1997) cert. denied 525 U.S. 936 (1998).

"The underlying rationale for the [same actor] inference is simple: it is suspect to claim that the same manager who hired a person in the protected class would suddenly develop an aversion to members of that class." Whitting v. Locust Valley Central School District, 2012 U.S. Dist. LEXIS 152233, *32 (E.D.N.Y. Oct. 22, 2012) (internal quotation and citation omitted; brackets in original).

That exact situation is presented here: less than a year passed between the recommendation to hire and the recommendation to discontinue. As such, the same actor defense undermines Plaintiff's allegations of discrimination, whether those allegations are based on his gender and/or his sexual orientation.

**B.      Title VII Does Not Provide for Individual Liability**

Title VII does not provide for any individual liability. See Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev., 641 Fed. Appx. 60, 61-62 (2d Cir. 2016); Guerra v. Jones, 421 F. Appx. 15, 17 (2d Cir. 2011) (citing Tomka v. Seiler Com., 66 F.3d 1295, 1313 (2d Cir. 1995); Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004). Consequently, any claims under Title VII against Principal DiDio must be dismissed.

**POINT II**

**THE COMPLAINT IS PROCEDURALLY DEFICIENT AND SUBJECT TO DISMISSAL BECAUSE PLAINTIFF FAILED TO SERVE A TIMELY NOTICE OF CLAIM**

New York State Education Law §3813(1) unequivocally requires that a notice of claim *be served* within three months after the accrual of a claim. See N.Y. Educ. Law §3813(1). Where a Plaintiff seeks private relief, damages, or reinstatement for employment discrimination by the DOE in violation of the SHRL or CHRL, a timely notice of claim is a condition precedent to the suit. See Sangermano v. Bd. of Coop. Educ. Servs., 290 A.D.2d 498 (2d Dep't 2002); Cavanaugh v. Bd. of Educ., 296 A.D.2d 369 (2d Dep't 2002); see also Munro v. Ossining Union Free Sch. Dist., 55 A.D.3d 697, 698 (2d Dep't 2008) ("A claimant seeking to commence an action against a school district for violations of the Human Rights Law *must serve* a notice of claim on the district within three months after accrual of the claim") (emphasis added). Furthermore, "federal courts entertaining state-law claims against…municipalities are obligated to apply the [state] notice-of-claim provision." See Felder v. Casey, 487 U.S. 131, 151 (1988); Hardy v. New York City Health & Hosps. Corp., 164 F.3d 789, 793-94 (2d Cir. 1999)

Here, Plaintiff has failed to file and serve a timely notice of claim on the DOE. Even accepting the accuracy of the timeline provided by Plaintiff in the Complaint, which alleges that Plaintiff was informed on July 1 2015, that he was discontinued, Plaintiff should have filed and served a notice of claim by October 1, 2015 on the DOE. See Compl. ¶ 34. Plaintiff, however, does not plead that he ever served such a notice. See Compl., passim. As such, Plaintiff's SHRL and CHRL claims must be dismissed, in accord with Education Law § 3813 and the cases cited above.

Plaintiff tries to escape this result by arguing that his EEOC charge served the function of the notice of claim. See Plaintiff's Response to Defendant's Pre Motion to Dismiss Letter, ECF Document No. 13. Defendants note that there is a split among courts as to whether Plaintiff's first EEOC charge of discrimination can be an adequate substitute for a notice of claim. Although Education Law §3813 provides that a "notice of claim" must be filed and served, some Courts "have permitted other forms of documents, not denominated as notice of claims, to satisfy the requirement." See e.g., Donlon v. Board of Educ. of the Greece Cent. Sch. District, 2007 U.S. Dist. LEXIS 2724, 2007 WL 108470 * 3 (W.D.N.Y. 2007) (EEOC charge sufficient to comply with Section 3813 notice of claim requirement); Kushner v. Valenti, 285 F. Supp.2d 314, 316 (E.D.N.Y 2003) (EEOC notice served on school district Director of Personnel held sufficient to comply with Section 3813). However, other courts have strictly interpreted Education Law §3813's requirement that a notice of claim be timely filed and served, dismissing cases that failed to adhere to this statutory directive. See Lewinter v. New York City Dep't of Educ., 2010 U.S. Dist. LEXIS 68493, 2010 WL 2746334 *3 (S.D.N.Y. 2010) (holding that a complaint cannot serve as a notice of claim where complaint failed to put the DOE on sufficient notice of Plaintiff's claims); Biggers v. Brookhaven-Comeswogue Union Free Sch. Dist., 127 F. Supp. 2d 452 * 455-56 (E.D.N.Y. 2001) (emphasizing the strict notice of claim requirements set forth by Education Law §3813 and declaring that "even if" Plaintiff's EEOC filing constituted a notice of claim, it must comply with the requirements of §3813).

Regardless of whether the Court would accept a document other than a notice of claim to comply with Education Law §3813, timely *service* of such a document on the DOE is required within three months of the accrual of a claim. See Brtalik v. S. Huntington Union Free Sch. Dist., 2010 U.S. Dist. LEXIS 107373, *9-13, 2010 WL 3958430 (E.D.N.Y. Oct. 6, 2010)

("An EEOC complaint can serve as a substitute [] a notice of claim only under the *rare and limited* circumstance where the EEOC charge puts the school district on notice of the precise claims alleged, *is served* on the governing board of the district…within the statutory time period") (emphasis added); <u>see also</u> <u>Biggers</u>, 127 F. Supp. 2d at 455-56.

Here, Plaintiff filed his initial charge of discrimination with the EEOC on September 24, 2015, but the DOE was not served with the charge until November 24, 2015. <u>See</u> New York City Department of Education Dismissal Letter Response in EEOC Case No. 520-2015-03738, annexed to the Piercey Decl. as Exhibit "C."[5] Thus, even if the Court were to consider Plaintiff's EEOC charge as "filed" within the statutorily required three months of the accrual of his July 1, 2015 claim, Plaintiff failed to complete timely service of the charge on the DOE, as required by Education Law §3813. <u>See</u> §3813(1); <u>see also</u> <u>Brtalik</u>, 2010 U.S. Dist. LEXIS 107373, *9-13 (emphasizing the requirement that an EEOC not only be filed within the statutory time period, *but also served* on the governing board of the district) (emphasis added). Consequently, because Plaintiff failed to serve either a notice of claim, or his EEOC charge on the DOE in compliance with the requirements of §3813, Plaintiff's SHRL and CHRL claims against the DOE and Principal DiDio must be dismissed.[6]

---

[5] While the DOE was not served with Plaintiff's EEOC Charge until November 24, 2015, the DOE was served with Plaintiff's Verified Petition pursuant to Article 78 of the New York State Civil Practice Law and Rules, which is annexed to the DOE Dismissal Letter as Exhibit "A," on November 16, 2015.
[6] Although Plaintiff did file an Article 78 Petition in State Court, Plaintiff did not serve this Petition on the DOE until November 16, 2015, rendering it untimely and incapable of serving as a substitute for a notice of claim.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss the Complaint in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
         October 14, 2016

**ZACHARY W. CARTER**
Corporation Counsel of the
City of New York
Attorney for Defendant
100 Church Street, Room 2-173
New York, New York 10007
(212) 356-2428
epiercey@law.nyc.gov

By:       /s/
         Evan M. Piercey
         Assistant Corporation Counsel

Donald C. Sullivan,
Evan M. Piercey,
Of Counsel.