

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Evan M. Piercey
*Assistant Corporation Counsel*
Phone: (212) 356-2428
epiercey@law.nyc.gov

March 29, 2018

**BY ECF**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Room 12D
New York, NY, 10007

> Re: Lane McDonough v. New York City Department of Education, et al.
> 16-CV-4272 (LTS) (JLC)

Dear Judge Swain:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and attorney for Defendants New York City Department of Education and Principal Paul DiDio (collectively "Defendants"). I write in response to Your Honor's March 22, 2018 Order, directing Defendants to respond to Plaintiff's Notice of Supplemental Authority, dated March 19, 2018. See ECF Dkt. No. 43.

      In his Notice of Supplemental Authority, Plaintiff places before the Court the recent Second Circuit decision in Zarda v. Altitude Express, Inc., 2018 U.S. App. LEXIS 4608 (2d Cir. Feb. 26, 2018), arguing that it "bears directly on defendants' Motion to Dismiss the First Amended Complaint" because Defendants relied, in part, on Dawson v. Bumble & Bumble, 398 F.3d 211, 217-223 (2d Cir. 2005) in support of the proposition that sexual orientation is not a protected class under Title VII. See Defendants' Memorandum of Law ("Def. MOL"), ECF No. 34 at 11-12. As correctly noted by Plaintiff in his March 19, 2018 filing, Zarda does, in fact, explicitly overrule Dawson on this ground.

      However, Plaintiff overstates Defendants' reliance on Dawson and the now-overruled proposition that sexual orientation discrimination is not prohibited under Title VII. First and foremost, Plaintiff's Amended Complaint explicitly alleges discrimination and retaliation under Title VII based not on sexual orientation, but on "gender and gender stereotypes." See First Amended Complaint, ECF No. 25 at ¶¶ 1-3, 90-91. In our motion papers, Defendants addressed this argument by Plaintiff. See Def. MOL, ECF No. 34 at 12-20. Second, although Defendants did argue (correctly at the time) that under Dawson and Giudice v. Red Robin Int'l, Inc., 555 Fed Appx. 67, 68 (2d Cir. 2014), sexual orientation is not a protected class under Title VII, this was not Defendants' sole – or even principal -- argument in the motion. See Def. MOL at 11-12. Indeed, Defendants addressed Plaintiff's "claims of

discrimination, *under any of his various theories*" on their merits, asserting that his claims "fail under Title VII, the SHRL, and the CHRL." See id. at 12 (emphasis added). Accordingly, the holding in Zarda does not affect Defendants' assertions that Plaintiff has failed to state a claim of discrimination, retaliation, or that he was subjected to hostile work environment, all of which are set forth in greater detail in Defendants' Memorandum of Law (ECF No. 34 at 12-20) and in Defendants' Reply Memorandum of Law (ECF No. 42 at 7-10).

Moreover, the holding in Zarda does not affect Defendants' explanations that Plaintiff's claims are precluded by an underlying state court decision denying his prior Article 78 petition (see Def. MOL, ECF No. 34 at 21-25 & Def. Reply MOL, ECF No. 42 at 2-4). Although this argument is set forth in much greater detail in Defendants' moving papers, it only bears repeating that the allegations in Plaintiff's Article 78 petition – which was denied and dismissed in its entirety – and those in his Amended Complaint, are nearly identical in critical areas. Compare Plaintiff's Verified Amended Petition, Annexed to the Piercey Decl. as Ex. "E" at ¶¶ 8-12, 16-18, 22-29, 31-37, 40-63, 66 with Am. Compl. ECF No. 25 at ¶¶ 26-35, 40-52, 54-62, 65-66, 68-69, 73-89. See also Def. MOL, at 23; see also Def. Reply MOL at 2.

Finally, Zarda has no bearing on Defendants' argument that his SHRL and CHRL claims are procedurally deficient because he failed to serve a timely notice of claim in compliance with Education Law §3813. See Def. MOL, ECF No. 34 at 26; see also Def. Reply MOL, ECF No. 42 at 4-7.

Accordingly, while the Second Circuit's ruling in Zarda does, indeed, affect a limited argument in Defendants' motion to dismiss, it does not substantively change Defendants' assertions that: (1) Plaintiff has failed to state a claim under Title VII, the SHRL, and the CHRL, (2) that his claims are precluded due to the denial and dismissal of a prior Article 78 petition that contained nearly identical allegations, and (3) that his SHRL and CHRL claims are subject to dismissal due to his failure to comply with well-established notice of claim provisions.

For these reasons, as set forth more fully in our motion papers, Defendants respectfully request that the Court grant Defendants' motion to dismiss the Amended Complaint in its entirety with prejudice.

Respectfully submitted,

/s/
Evan M. Piercey
Assistant Corporation Counsel

cc: **BY ECF**
Maria Chickedantz
Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC
150 Broadway, Twelfth Floor
New York, New York, 10038